**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0302n.06
Filed: April 19, 2005

**No. 03-6529**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TONI HUDSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| M.S. CARRIERS, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges, and O'KELLEY,[*] District Judge.

**PER CURIAM.** In this appeal, brought by plaintiff Toni Hudson *pro se,* we are asked to overturn the district court's order granting summary judgment to defendant M.S. Carriers, Inc., the plaintiff's former employer, in a Title VII action in which the plaintiff claimed that she had been subjected to a hostile work environment and had been retaliated against when she complained about it. The district court found that the incidents reported by the plaintiff were not sufficiently severe and pervasive to rise to the level of sexual harassment and also rejected the plaintiff's retaliation claim, finding that one of the three adverse employment actions of which the plaintiff complained had occurred prior to any protected

---

[*]The Hon. William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

action that she might have taken, that a second action had been rescinded, and that her final termination was based on a legitimate business reason, *i.e.*, the plaintiff's excessive absences from work.

On appeal, the plaintiff continues to complain summarily that she was the victim of sexual harassment, but she has presented as her principal issue for our review the claim that her trial counsel, who was appointed on a pro bono basis by the district judge after her original attorney withdrew from the case, "failed to properly represent her." As the defendant points out, however, this issue is not reviewable on appeal. Moreover, the plaintiff has not complied with Federal Rule of Appellate Procedure 30, because she has not filed a Joint Appendix or secured an order permitting deferment of this obligation. Failure to comply with Rule 30 constitutes a ground for dismissal of the appeal.

Under these circumstances, and after a review of the available record in this case, we conclude that there is no legal basis upon which to reverse the district court's judgment. It is, therefore, AFFIRMED.